## THE STATE *v.* BENJAMIN F. SPENCER.

Where the defendant in an indictment requested the Judge to instruct the jury:

"1. That it is the peculiar province of the jury to judge of the credibility of the witness, and they may take into consideration the manner of the witness upon the stand, and also the unreasonableness of his statements ;

2. That if the jury are satisfied that the witness made a false and corrupt statement in part, they ought to discard his testimony altogether;" And the Judge gave the first instruction, but refused to give the second, adding : "I will, for the benefit of the defendant's attorney, go further, and say to the jury, that they have no more right to discard entirely the testimony of the witness, than they have to commit perjury"; *Held,* that whatever might be said of the *propriety* of the latter remark,—taking the instructions altogether, there was no error.

ASSAULT AND BATTERY, tried before *Jones, J.,* at Fall Term 1869, of HYDE Court.

The only statement necessary is to be found in the opinion.

Verdict, guilty; Rule, &c. Judgment and appeal.

*No counsel,* for the appellant.
*Attorney General, contra.*

SETTLE, J. The defendant's counsel asked his Honor to instruct the jury:

1. " That it is the peculiar province of the jury to judge of the credibility of the witness, and that they may take into consideration the manner of the witness upon the stand, and also the unreasonableness of his statement."

2. " That if the jury are satisfied that the witness made a false and corrupt statement in part, they ought to discard his testimony altogether."

The first instruction asked for, was given, and the second refused; and His Honor added: " I will, for the benefit of the defendant's attorney, go further, and say to the jury, that they have no more right to discard entirely the testimony of the witness than they have to commit perjury."

Does this expression of his Honor to the jury, which he says was intended for the benefit of the defendant's attorney, entitle the defendant to a new trial? Standing alone it would unquestionably do so, but taken in connection with the charge, which his Honor had just given, it means nothing more than a declaration that the maxim, *falsum in uno, falsum in omnibus,* is not a rule of evidence in courts of common law. We must consider the whole charge together. His Honor had but a moment before instructed the jury that it was their peculiar province to judge of the credibility of the witness, and that they might consider his manner, and also the unreasonableness of his statement. In replying to the prayer for the second instruction, his Honor was unfortunate in his language, but it can not be fairly construed to mean, that he took back all that he had just said in answer to the first prayer, and passed, himself, upon the credibility of the witness. His language was in reply to, and must be understood as having reference to, the second prayer of the defendant's counsel, subject to what he had said in answer to the first.

It may be observed that the first and second instructions prayed for are inconsistent and contradictory. If " it is the peculiar province of the jury to judge of the credibility of

the witness," why should a Court be asked to lay down a
rule of law which would cut them off from their peculiar
province.

The propriety of the language under consideration may
well be questioned.   From this point of view it affords a fair
ground for criticism.   But counsel should remember that it
is not their province to annoy a Court by asking for instruc-
tions which they know cannot be given.  It would be a reflection
upon counsel to suppose that they were ignorant of the de-
cisions of this Court, declaring the maxim, *falsum in uno,
falsum in omnibus,* is not a rule of evidence in the Courts of
this State.   There is no error.

Let this be certified, &c.

PER CURIAM.                                         No error.